**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **LESTER A.D. ADAMS and** | * |
| | * |
| **MARIBEL F. MURRAY** | * |
| | * |
| **Plaintiffs,** | * |
| | *    **CIVIL NO. PJM 05-3332 (lead case)** |
| **v.** | *    **CIVIL NO. PJM 05-3331 (consolidated)** |
| | * |
| **CHRISTOPHER A. BROOKS** | * |
| | * |
| **Defendant.** | * |

## MEMORANDUM OPINION

Plaintiffs Lester A.D. Adams and Maribel F. Murray filed two actions in the Circuit Court for Prince George's County, Adams seeking to quiet title to a piece of real property located in Hyattsville, Maryland and Murray seeking specific performance of an alleged purchase option to that property.  After the cases were removed to this Court, they were consolidated for further proceedings.  Three motions now confront the Court.  The first two are Cross-Motions for Summary Judgment as between Adams and Defendant Christopher A. Brooks [Paper Nos. 43 and 44].  The third is Brooks's Motion for Summary Judgment [Paper No. 36] against Murray.  No hearing is necessary to dispose of these matters.  *See* Local R. 105.6 (D. Md. 2006).  Having considered the motions, the Court will DENY all three.

## I.

The disputed property in question is located at 3711 Kennedy Street, Hyattsville, Maryland.  Murray and Adams allege that they entered into an agreement with Brooks whereby Brooks was to lend his credit to support Adams's purchase of the property and Murray would rehabilitate, maintain, and occupy the property.  Plaintiffs allege that, while Brooks remained record owner of the property

-1-

after the purchase, it was Adams who provided the down payment, paid the mortgage, and paid maintenance costs.  Plaintiffs further claim that on or about August 2, 1999, Murray entered into a one-year lease agreement with Brooks, effected through Adams, who supposedly had the authority to act as Brooks's agent.  This lease was allegedly extended on August 14, 2001 for five years and this time it included an option for Murray to purchase the property at the end of the lease, i.e., on August 14, 2006.  The purchase price was to be $100,000, payable in cash.  The purchase option is signed "Christopher A. Brooks, Landlord, by Lester A.D. Adams, Agent."

Brooks concedes that he filled out some preparatory paperwork in June 1999 for the purpose of assisting Adams to obtain a loan to purchase the Hyattsville property, but says that he lost touch with Adams shortly thereafter and assumed that no further action had been taken.  In December 2001, however, he discovered through a loan agent that he was in fact listed as the record owner of the property, which was then in foreclosure.  Brooks therefore undertook action to clear his credit, but did not, however, pursue a criminal investigation or file a civil case against Adams.  Murray, in the meantime, apparently occupied the property from that time forward.  In 2005, Brooks decided to act upon his record ownership of the property and informed Murray of his intention to sell the property, requesting that she vacate the premises.

Murray contends that, on or about September 22, 2005, she sought to exercise her purchase option, which Brooks refused to honor; Murray now seeks specific performance of the purchase option agreement.  Separately, Adams seeks to "quiet title" to the property and requests a declaration that he is "the true and absolute owner" of the property.  In his Counterclaim against Adams, Brooks seeks to void the purchase option on the grounds that Adams had no authority to act as his agent and

-2-

that, in entering into the purchase option with Murray, Adams intentionally sought to defraud Brooks of his interest in the property.

## II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material issue of fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies his initial burden, the non-moving party "may not rest upon his allegations," but must present evidence demonstrating the existence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court is obliged to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the non-moving party cannot create a genuine issue of material fact through mere speculation or by piling one inference upon another. *Collier v. Service Am. Corp.*, 934 F. Supp. 168, 171 (D. Md. 1996). A mere scintilla of evidence supporting the non-movant's case is insufficient. *Anderson*, 477 U.S. at 248.

## III.

The Court addresses first the Cross-Motions for Summary Judgment pertaining to Adams's action to quiet title, since the determination of ownership clearly bears on the question of whether the purchase option granted to Murray by Adams was valid.

Adams argues that he is the "beneficial owner" of the property and that he has "exercised complete control and possession" over it since the date of purchase.  He points out that he has had possession of the property for the past seven years and has paid all costs associated with it.  At the same time, he argues, Brooks sought to disclaim the property when he became aware of his record ownership.

Brooks disputes Adams's claim to equitable ownership, pointing out that in his bankruptcy petition Adams did not claim an interest to the property and further that Adams did not pay all costs for the property, since it was Murray who made the mortgage payments and repairs. Brooks further insists that he holds record title to the property, which has always been vested in him.  Brooks concedes that while he initially disavowed having an ownership interest in the property upon learning of it in 2001, he now accepts that he is liable for the mortgage and no longer contests Adams's purchase of the property in his name.

In sum, Adams argues that he is the beneficial owner of the property by reason of things said and done by Brooks, whereas Brooks claims he is the legal owner of the property.  That said, it is clear that certain actions or inactions on Brooks's part tend to support the conclusion that Adams is indeed the beneficial owner.  Accordingly, the Court finds that there is a genuine issue of material fact as to who owns the property.  Both Cross-Motions for Summary Judgment are therefore DENIED.

## IV.

The Court considers Brooks' Motion for Summary Judgment against Murray.

The validity of Murray's alleged purchase option turns on certain preliminary findings.  If Brooks is determined to be the owner of the property, then the issue is whether Adams had authority

as Brooks's agent to grant the option to Murray.  While it is undisputed that no written agency agreement existed between Adams and Brooks, arguably Brooks by his actions or inaction may be estopped from denying the agency.

On the other hand, if Adams is determined to be the rightful owner of the property, then Adams, as true owner of the property, could dispose of it as he pleased.  In that case, there would be no issue of whether he was acting as Brooks's agent in granting the purchase option.  But under that scenario, Adams may be estopped from denying the validity of the option vis-a-vis Murray.  Given that the evidence as to ownership and agency is in conflict, the Court finds that genuine issues of material fact exist with respect to the validity of Murray's purchase option.  Accordingly, Brooks's Motion for Summary Judgment against Murray is also DENIED.

**V.**

For the foregoing reasons, Brooks's Motion for Summary Judgment [Paper No. 36], Adams's

Motion for Summary Judgment [Paper No. 43] and Brooks's Cross-Motion for Summary Judgment

[Paper No. 44] will be DENIED.  A separate Order will ISSUE.  The case will be set for trial.[1]

_____
/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

December 18, 2006

---

[1] Murray's action for specific performance is triable to the Court alone.  *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable, such as an injunction or specific performance . . . , neither the party seeking that relief nor the party opposing it is entitled to a jury trial").  For this reason, Murray's request for a jury trial has been stricken.  Adams has previously dismissed his claim for slander and libel; his remaining action to quiet title similarly sounds in equity and is also triable to the Court alone.  *See United States v. Mchan,* 345 F.3d 262, 275 (4th Cir. 2003) ("[C]laims for the type of relief offered by a quiet title suit have always been equitable actions, brought in the courts of equity rather than courts of law").  *See also* Md. Code Ann. Real Prop. § 14-108(a) ("the person may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title . . .").  Brooks's Crossclaim for damages is triable to a jury.  However, the Court has decided to sever the non-jury actions for trial.  Depending on the Court's rulings in the nonjury actions, Brooks's Counterclaim for damages may become moot.  Should the Court find Brooks to be the rightful owner of the property, the Court will set the Counterclaim for a jury trial.  The parties may wish to agree, however, to have the Court hear the Counterclaim on a nonjury basis at the time it hears the Murray and Adams claims.